UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WILLIE F. HALE**

    **Petitioner,**

v.                        Case No. 3:13cv514/RV/CJK

**FLORIDA DEPARTMENT OF
CORRECTIONS,**

    **Respondent.**

_____/

**ORDER and**
**REPORT AND RECOMMENDATION**

    This cause is before the Court upon petitioner's filing a petition on the form for use in actions under 28 U.S.C. § 2254 (doc. 1), a motion to proceed *in forma pauperis* (doc. 2) and a motion for appointment of counsel (doc. 3). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that to the extent petitioner seeks habeas corpus relief, the petition should be dismissed as an unauthorized "second or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A); and that to the extent petitioner seeks mandamus relief, the petition should be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Apalachee Correctional Institution in Sneads, Florida. (Doc. 1). Petitioner is serving two concurrent twenty-five year sentences for sale of cocaine and possession of cocaine with intent to sell, imposed by the Escambia County, Florida circuit court on August 7, 1991, in Case Number 91-1492. (Doc. 1, p. 1). Petitioner concedes on the petition form that he previously filed one or more petitions in federal court regarding the validity of his state court confinement. (*Id*., p. 3). The Court's records confirm that petitioner has previously challenged the lawfulness of his confinement under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241.

The Court takes judicial notice of its own records in *Hale v. Singletary*, Case Number 3:94cv30372/LC/SMN, and *Hale v. Florida Parole Commission, et al.*, Case Number 5:11cv265/MP/EMT. Petitioner initiated *Hale v. Singletary*, on November 21, 1994, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the same judgment of conviction and sentences at issue here. (*See* Case Number 3:94cv30372/LC/SMN, Doc. 15). This Court denied the petition on the merits on January 5, 1998. (*Id*., Docs. 15, 17, 18). Petitioner sought leave to appeal to the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit"), but was denied a certificate of appealability. (*Id*., Docs. 19, 35).

Petitioner initiated *Hale v. Florida Parole Commission, et al.*, on July 29, 2011, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Florida Parole Commission's 2009 revocation of his conditional release supervision. (Case Number 5:11cv265/MP/EMT, Doc. 1). This Court denied the petition on the merits on December 13, 2012. (*Id*., Docs. 22, 25, 26). Petitioner

sought leave to appeal to the Eleventh Circuit, but was denied a certificate of appealability. (*Id.*, Doc. 39). The present petition followed.

Petitioner's present petition does not appear to challenge the fact or duration of petitioner's confinement; rather, petitioner claims the Florida Department of Corrections ("DOC") denied him his rights to due process and to access the courts in May of 2011, when petitioner's then-institution (Northwest Florida Reception Center) denied him access to the law library. Petitioner asserts that he required access to the law library to litigate a non-frivolous claim (which he does not describe); that he was denied timely access to the law library; and that as a result of being denied timely access he missed a court deadline. (Doc. 1, p. 4, continuation pages and exhibits). As relief, petitioner seeks the following:

> (1) Find that appellee, has shown in the facts and arguments above a prima facie case for relief, and as such issue an alternative writ of mandamus, ex parte, under Rule 1.630(d)(3), Fla. R. Civ. P. requiring Appellee to explain why the requested relief should not be granted;
>
> (2) That a peremptory writ of mandamus be issued directing the appellee compliance with the Florida Administrative Code (F.A.C.) rules, due process, and the requirements of law as applied to the facts of this case.

(Doc. 1, p. 10).

## DISCUSSION

To the extent petitioner seeks habeas corpus relief under § 2254, the petition should be dismissed as an unauthorized second or successive habeas corpus application. Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district

court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (2013) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same). The instant petition is a second or successive habeas corpus application. Petitioner has not shown that he obtained authorization from the Eleventh Circuit to file a second or successive § 2254 petition. Petitioner's failure to obtain the requisite authorization operates as a jurisdictional bar and warrants dismissal of the petition. *Burton v. Stewart*, 127 S. Ct. at 796, 799; *Fugate v. Dep't of Corr.*, 301 F.3d at 1288.

To the extent petitioner files this action seeking mandamus relief through an order compelling the DOC to take a particular action with regard to petitioner's requests for law library access, this Court cannot grant the relief requested. The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act's statutory language, "in aid of their respective jurisdictions," does not empower a district court to create jurisdiction where none exists. *Gehm v. New York Life Ins. Co.*, 992 F.Supp. 209, 211 (E.D. N.Y. 1998). "To the contrary, a court may

issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id*. While the law is settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or one of its agencies* to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state officials in the performance of their duties where mandamus is the only relief sought. *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973)[1]; *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *see also Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (holding that because the defendants named in the state prisoner's complaint were not officers or employees of the United States or any agency thereof, the district court lacked jurisdiction to grant the mandamus relief the prisoner requested). This federal district court has no mandamus jurisdiction over the respondent state agency or state employees and, therefore, lacks authority to compel them to perform the action petitioner requests. Petitioner is advised that the appropriate cause of action for a state prisoner to challenge the conditions of his confinement (as opposed to the validity thereof) is a civil rights action filed under 42 U.S.C. § 1983.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

*Case No: 3:13cv514/RV/CJK*

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. Petitioner's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

2. Petitioner's motion for appointment of counsel (doc. 3) is DENIED.

And it is respectfully RECOMMENDED:

1. That to the extent petitioner seeks habeas corpus relief under 28 U.S.C. § 2254, the petition be DISMISSED WITHOUT PREJUDICE as an unauthorized second or successive habeas corpus application.

2. That to the extent petitioner seeks mandamus relief, the petition be DISMISSED WITH PREJUDICE for lack of jurisdiction.

3. That the Clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 25th day of September, 2013.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).